## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 709
HILE v. ZANGERLE et
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5436. Decided Feb. 16, 1925

Judges Cushing, Buchwalter and Hamilton, 1st Dist., sitting.

289. COURT CONSTABLES—May be appointed by common pleas to act under its direction, at a compensation fixed by it.

PER CURIAM.

George D. Hile, as a taxpayer, brought an action in the Cuyahoga Common Pleas to restrain John Zangerle, auditor of Cuyahoga County, from issuing warrants on the treasurer for salary claimed by others of the defendants herein as court constables.

Hile in his petition set forth that there were twelve judges of the Common Pleas Court and that said judges have appointed 57 court constables or bailiffs, and that but twelve are required to preserve order in said courts; that the other constables are assigned to other duties and that the court has no power to appoint constables. It was also claimed that 1692 and 1693 GC. are unconstitutional in that by virtue thereof legislative powers are delegated to the judicial branch of the government in permitting it to appoint officers and fix their salaries, contrary to section 20 of Art. II of the Constitution of Ohio.

Zangerle claimed that the vouchers are issued in pursuance of the law and the orders of the Court of common pleas entered on its journal, and that no greater salary has been or is intended to be paid than the amount fixed by the court. The Common Pleas rendered a judgment finding Hile not entitled to the relief prayed for and dismissed his petition.

Error was prosecuted and Hile contended that the court has power to appoint court constables for the purpose of preserving order in the court room, and to assist the court in the Administration of Justice, and that 12 constables are all that are necessary. The Court of Appeals held:

1. Hiles contention is that some of the court constables are lawfully employed, while others are unlawfully employed; and that said act of the General Assembly are unconstitutional.

2. It is uncomprehensible as to how a law can be constitutional as to certain persons and unconstitutional as to others, when both receive their appointment and compensation from the same branch of government.

3. If the employes who perform services other than preserving order in the court room, are unlawfully employed, Hiles claim amounts to a charge of abuse of discretion on part of the court of common pleas, rather than acting unlawfully.

4. The appointment of bailiffs is unlawful because they have power of sheriff is contended. Statute provides, "When so directed by the court, each constable shall have same powers as sheriff, to call and empanel jurors except in capital cases," which means that bailiffs may take charge of jury when viewing premises, conduct them to jury room etc., if specially appointed by court for these purposes.

5. General powers and duties of a sheriff not conferred upon constables. They act only under the direction of the court.

6. Appointees are not officers within the provisions of the constitution stated; they are employees, appointed by the pleasure of the court to perform such duties as the court may direct, and may be discharged by it at any time. Judgment affirmed.

Attorneys—George P. Hile for plaintiff; Dustin, McKeehan, Merrick, Arter & Stewart, for Zangerle; all of Cleveland.